CHIASSON, Judge.
This is an appeal of a judgment of the District Court in favor of Catalytic, Inc. and Elbert Fletcher, defendants-appellees, and against Leonard J. Greene, plaintiff-appellant, dismissing appellant’s suit with prejudice.
On January 27, 1972, while walking through a maintenance shop operated by Catalytic, Inc., the appellant tripped over an airhose lying on the floor. The airhose, which was in intermittent use by Elbert Fletcher, ran from a wall of the maintenance shop along the floor and up to a vice on a work bench. The hose had been laid in the vice by Fletcher where it would be easy to reach when he needed it.
At the time of the accident, the appellant was taking an occasionally used short cut through the maintenance shop. The short cut was not a regular aisle or passageway, but merely a space between two pieces of equipment. The appellant testified that he knew that there were frequently airhoses and welding leads on the floor of the shop and that when he entered the shop he had seen the specific hose over which he tripped.
After a trial on the merits the District Court found that:
*1173 (1) The conduct of Fletcher was that an ordinarily prudent man under the circumstances; of
(2) The airhose on the floor was not a “trap”; and
(3) There was no independent negligence on the part of Catalytic, Inc.
The appellant contends that:
“1. The court erred when it failed to find defendants, Elbert Fletcher and Catalytic, Inc., guilty of negligence which was the sole and proximate cause of Leonard J. Greene’s injuries.
“2. The court erred when it failed to find defendants, Elbert Fletcher and Catalytic, Inc., guilty of fault which was the cause of Mr. Greene’s injuries.
“3. The court erred in failing to award Mr. Greene the sum of $600,000.00 for pain and suffering and loss of wages, past and future.”
This Court can not say that the conduct of Elbert Fletcher was not that of a reasonably prudent man or that there was any breach of duty on his part. The appellant’s contention that a “taut” airhose obstructed a “passageway” is without merit. The airhose merely lay in the vice and the space across which it ran was not a regular “passageway”.
The appellant also argues that Catalytic, Inc. was negligent because it failed to provide adequate safety supervision. There has been no showing by the appellant that the failure of Catalytic to employ a separate safety officer of its own [Ciba-Geigy who owns the shop employed a safety officer] was a cause in fact of the injury or that such failure constituted negligence.
The appellant’s argument that there is strict liability, liability without fault, on the part of the appellees is without merit.
“(6) When harm results from the conduct or defect of a person or thing which creates an unreasonable risk of harm to others, a person legally responsible under these code articles for the supervision, care, or guardianship of the person or thing may be held liable for the damage thus caused, despite the fact that no personal negligent act or inattention on the former’s part is proved. The liability arises from his legal relationship to the person or thing whose conduct or defect creates an unreasonable risk of injuries to others.
“The fault of the person thus liable is based upon his failure to prevent the person or thing for whom he is responsible from causing such unreasonable risk of injury to others. Thus, the person to whom society allots the supervision, care, or guardianship (custody) of the risk-creating person or thing bears the loss resulting from creation of the risk, rather than some innocent third person harmed as a consequence of his failure to prevent the risk. His fault rests upon his failure to prevent the risk-creating harm and upon his obligation to guard against the condition or activity (by the person or thing for which he is responsible) which creates the unreasonable risk of harm to others.” (Emphasis supplied). Loescher v. Parr, La., 324 So.2d 441 (1975).
The conduct of Fletcher can not be said to create an unreasonable risk of harm. While some risk may be created by an air-hose on a shop floor, it is not an unreasonable risk and so there is no strict liability in this instance.
For the above reasons, the judgment of the District Court is affirmed. Cost to be paid by the appellant.
AFFIRMED.