425 So.2d 823 (1982)
ROYAL OLDSMOBILE CO., INC.
v.
Ann Roberts YARBROUGH and Ross T. Scaccia, Sometimes Known as Ross Scassia.
No. 5-215.
Court of Appeal of Louisiana, Fifth Circuit.
December 9, 1982.
Rehearing Denied February 17, 1983.
*824 Edwin A. Stoutz, Jr., New Orleans, for plaintiff-appellant-appellee.
R.T. Scaccia, New Orleans, for defendant-appellee-appellant.
Before SAMUEL, KLIEBERT and GRISBAUM, JJ.
GRISBAUM, Judge.
Royal Oldsmobile Co., Inc., appellant, brought suit against Ann Roberts Yarbrough, and Ross T. Scaccia, appellee, for the non-payment of the purchase price of an automobile. The issues on appeal are whether Mr. Scaccia was a purchaser of the automobile so that a vendor's privilege exists in favor of Royal Oldsmobile Co., Inc. and alternately whether the theory of unjust enrichment should apply. We affirm.
Early in 1977, Mr. Scaccia performed legal services for a young man who was arrested and was being prosecuted in Orleans Parish. Mr. Scaccia contacted the man's father and step-mother in California and was told by the step-mother, Mrs. Yarbrough, to take care of the legal problems and he would be well-paid for his efforts. Mrs. Yarbrough came in from California for the sentencing hearing and after the proceedings were over she told Mr. Scaccia she intended to buy him a new car in payment of his legal fee.
On September 30, 1977 Mrs. Yarbrough and Mr. Scaccia went to Royal Oldsmobile and, after looking at several cars, picked out a 1978 Oldsmobile Delta 88. Mr. Scaccia states he was not involved in the selection of the car other than insisting on having power windows. He was present for negotiations over the price of the car between Mrs. Yarbrough and the salesman who testified that Mr. Scaccia participated only by commenting on whether he felt the price was a fair one. Mr. Scaccia signed a document titled "Retailer Buyer's Order" which he states he had to sign to get delivery of the car.
Mrs. Yarbrough wrote a check on a California bank for $8,220.00, the full purchase price of the car. The general sales manager testified it was customary procedure to verify an out-of-town check. Although a banker in California told the manager Mrs. Yarbrough was a "well-to-do" woman, the check was not verified. Royal Oldsmobile accepted her check but after repeated efforts, it was not honored by the California bank. Mr. Scaccia aided Royal Oldsmobile in locating Mrs. Yarbrough and obtaining criminal charges against her. A warrant was issued for her arrest. The attorney for Royal Oldsmobile spoke with an attorney in California who agreed to send a check for $4,600.00 if the arrest warrant was withdrawn. The warrant was withdrawn and the check was received. However, no more money was forthcoming.
Suit was filed against Mrs. Yarbrough and Mr. Scaccia on June 26, 1978. Mrs. Yarbrough did not answer the suit and judgment was rendered against her by default. Trial was held on October 29, 1979. On July 28, 1981 a judgment was rendered in favor of plaintiff, Royal Oldsmobile Co., Inc., against defendant, Ann Roberts Yarbrough, and in favor of defendant, Ross T. Scaccia, and against plaintiff, Royal Oldsmobile Co., Inc.
In addressing the initial issue, a vendor's privilege on movables exists according to Civ.Code art. 3227 which states:
"He who has sold to another any movable property, which is not paid for, has a preference on the price of his property, over the other creditors of the purchaser, whether the sale was made on a credit or without, if the property still remains in the possession of the purchaser.
So that although the vendor may have taken a note, bond or other acknowledgment from the buyer, he still enjoys the privilege." ...
*825 Therefore, for the vendor's privilege to exist the property would have to remain in the possession of the purchaser.
Mr. Scaccia is not a purchaser. He did not undertake to buy a car and pay the purchase price. Rather, he agreed to accept the car in payment of a sum which was due him by Mrs. Yarbrough. La.Civ.Code art. 2655. The fact that Mr. Scaccia was present at the dealership to help select the car and had the title put in his name was the most practical way for Mrs. Yarbrough to give him a new car to his liking. Because Mr. Scaccia agreed to receive a car in payment of the debt in no way obligated him personally to pay the purchase price. Therefore, no vendor's privilege exists on the car as it was no longer in the hands of the purchaser, Mrs. Yarbrough.
The second argument of appellant's is likewise without merit. An essential requisite for unjust enrichment is that no other remedy at law be available for the one impoverished. The appellants have a remedy in this case against the purchaser, Mrs. Yarbrough. The appellants have already received more than half of the purchase price of the car on behalf of Mrs. Yarbrough. Because appellants chose not to further pursue Mrs. Yarbrough in California is not sufficient reason to impose liability on Mr. Scaccia. The ease of attaining a remedy is not a sufficient reason to apply unjust enrichment.
For the reasons assigned above, we affirm.
AFFIRMED.