459 So.2d 596 (1984)
WM. B. COLEMAN CO., INC.
v.
George ACKEL, Jr. d/b/a Beaux & Belles.
No. 84-CA-195.
Court of Appeal of Louisiana, Fifth Circuit.
November 13, 1984.
Peter D. Coleman, New Orleans, for plaintiff-appellant.
Robert G. Creely, Amato & Creely, Gretna, for defendant-appellee.
Before KLIEBERT, CURRAULT and GRISBAUM, JJ.
CURRAULT, Judge.
This appeal originates in the Twenty-Fourth Judicial District Court, Division "D", wherein the Honorable Walter E. Kollin rendered judgment in favor of defendant, George Ackel, Jr., and against plaintiff, William B. Coleman Company, Inc., dismissing plaintiff's suit. We affirm.
Beaux & Belles, Inc., a retail business selling children's clothing, began its corporate existence on December 27, 1965. A supplier for that business was William B. Coleman Company, Inc. (hereinafter Coleman). During 1981, however, all of Beaux & Belles' stock was purchased by Messrs. *597 George Ackel, Sr. and George Ackel, Jr.; each a fifty percent shareholder with George Ackel, Jr. president. The existing business was being conducted at a store in Airline Park Shopping Center.
In October, 1981, a salesman of Coleman called upon Beaux & Belles' manager, Reneé Ackel, former wife of George Ackel, Jr., in an attempt to make a sale. As the Ackels were new owners, Coleman required a personal financial statement which was obtained from Reneé Ackel. The receipt of this statement by Coleman was a prerequisite for Beaux & Belles, Inc. to continue doing business with Coleman.
Reneé Ackel placed a rather large order with Coleman's salesman. Subsequently, seemingly due to delivery disputes, payment by Beaux & Belles, Inc. was not forthcoming. When payment became seriously overdue, suit on an open account was filed by Coleman and against George J. Ackel, Jr. [hereinafter Ackel], individually, for the overdue debt.
This matter went to trial on September 22, 1983. The trial judge narrowed the issue to "whether or not George Ackel, Jr., individually, contracted for and received the clothing merchandise." In concluding that plaintiff failed to prove that it contracted with George Ackel, Jr., individually, the court dismissed plaintiff's suit.
Plaintiff has appealed, asserting the following specifications of error:
that (1) the trial court erred in finding appellant failed to prove it contracted with George Ackel, Jr., individually, for the sale of clothing merchandise; and that
(2) assuming the trial court's ruling that plaintiff failed to prove it contracted with George Ackel individually means the plaintiff contracted with the corporation; the trial court erred in failing to disregard the corporate entity and hold George Ackel, Jr. liable.
The trial court is granted much discretion in its determination of facts and its conclusions will not be disturbed unless the record shows that manifest error has been committed. Canter v. Koehring Company, 283 So.2d 716 (La.1973). "Manifest error" means the trial judge must be "clearly wrong" in his resolution of the case. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
There is no specific testimony or evidence that shows Ackel either ordered the particular merchandise or was in any way connected with the purchases at issue. Ackel testified he had no hand in the daily operations of Beaux & Belles, Inc., but that Reneé Ackel was in charge of all managerial duties.
Mr. Dave Gares, the Coleman salesman who called upon Reneé Ackel, testified that he had not met Mr. Ackel, but conducted business with Reneé. He further testified that at no time did he inquire about, nor was he ever concerned with, whether or not he was dealing with an individual or a corporation. In fact, he testified that it was his assumption the Ackels owned the business and that he thought he was selling directly to Reneé Ackel individually, not Mr. Ackel.
The required personal financial statement obtained from Reneé Ackel clearly indicates on its reverse side that the business, Beaux & Belles, Inc., was indeed a corporation as Mr. Ackel listed his shares of that corporation as an asset. Mr. Gares testified though that he did not even bother to check any of the information given on that credit application because he assumed someone else with Coleman would do so.
A creditor who sues on an open account has the burden of proving that defendant, alleged to the debtor, contracted for the sales on open account. Frank Brigsten, Inc. v. Alpha Builders, Inc., 351 So.2d 777 (La.App. 4th Cir.1977). A full review of the record does not show the trial court was clearly wrong in its determination that plaintiff failed to prove it contracted with defendant individually.
Alternatively, appellant argues the trial court erred in failing to pierce the corporate veil to find defendant individually liable. Piercing the corporate veil was never presented by the pleadings nor made *598 an issue at trial. Issues not properly raised in trial court will not be considered on appeal. Uniform Rules: Courts of Appeal, Rule 1-3, State Farm Mutual Automobile Insurance Company v. Handy, 410 So.2d 323 (La.App. 4th Cir.1982); Succession of Villere, 411 So.2d 484 (La.App. 4th Cir.1982).
Accordingly, for the above stated reasons, the judgment appealed is affirmed at appellant's cost.
AFFIRMED.