511 So.2d 19 (1987)
CENTRAL OIL & SUPPLY CORPORATION, Plaintiff-Appellant,
v.
WILSON OIL COMPANY, INC., Defendant-Appellee.
No. 86-617.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
Donald K. Kneipp, Grant and Dean, Monroe, for plaintiff-appellant.
Smith, Taliaferro, V. Russell Purvis, Jonesville, for defendant-appellee.
*20 Before DOMENGEAUX, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
This case arises out of the continuing efforts of Central Oil & Supply Corporation to get paid for some leased underground gas tanks and pumps installed by it at a convenience store in Ferriday. The present suit was brought by Central Oil against Wilson Oil Company, Inc., demanding recovery based on an alleged tortious conversion of the tanks and pumping equipment. The trial court dismissed the suit, finding that the equipment had become incorporated into immovable property and that Wilson Oil, having purchased the land at a sheriff's sale, became the owner. Central Oil appealed. We affirm.
In an earlier suit having the same objective but naming additional defendants (Central Oil and Supply Corporation v. Wagoner, 489 So.2d 982 (La.App. 3rd Cir. 1986), writ denied 493 So.2d 641 (La.1986)), the facts were fully presented at the trial level. The parties in the present suit submitted it to the trial court with the only evidence being the evidence and testimony taken in the earlier case. For a statement of the facts controlling the instant dispute, therefore, we draw on the summary found at 489 So.2d, pp. 982-3:
In February, 1981, the lease was entered into by Central Oil and Supply Corporation and Kenny Wagoner. Wagoner, the lessor, permitted Central, the lessee, to install underground tanks and pumps at his store. The lease provided that the equipment was to remain the property of Central, and at termination of the lease could be removed by it. In addition, only gasoline provided by Central was to be sold at the pumps. Wagoner's obligations were to promote Central's products and pay it one half of the profits on gasoline sold.
Although Wagoner was only a lessee of the convenience store at that time of the lease, he represented to Central that he was in fact the owner of the property. The lease was not recorded.
In December, 1981, Wagoner formed Stop-N-Go, Inc., with himself as sole stockholder. His capital contribution was his interest in the business, including the lease with Central, in return for which he received the stock. In January, 1982, Stop-N-Go, Inc. purchased the store property. From the purchase date until August 1982, Stop-N-Go continued to sell Central's gasoline at the pumps.
Sometime in August, 1982, Central discovered that Stop-N-Go was failing to make payments to its account for the gasoline sold. Central thereupon locked the pumps, thus preventing Stop-N-Go from selling gasoline for some two hours.
In the meanwhile, Wagoner had transferred 95% of his stock in the corporation to Jimmy Pruitt, his father-in-law. In September 1982, Stop-N-Go leased the store to W.M. Ferrington who began selling through Central's tanks and pumps gasoline which he provided. Ferrington failed to make a profit, and his lease was cancelled whereupon Stop-N-Go began selling gasoline supplied by Wilson Oil Company. At the time of trial, Stop-N-Go was still selling Wilson Oil's products. Also at the time of trial Wagoner was in bankruptcy.
The trial court in the earlier case found that Stop-N-Go had converted the tanks and pumping equipment to its own use and granted judgment in favor of Central Oil against Stop-N-Go for the value of the equipment. In that case Wilson Oil had also been made a defendant, but the trial court, finding that Wilson Oil had relied on the public records in its dealings with Stop-N-Go, and that it had not been put on notice of the lease agreement between Central and Wagoner, dismissed the suit against Wilson Oil. We affirmed.
After the earlier decision became final, the land and business was sold at a sheriff's sale, and Wilson Oil was the purchaser.
In the present suit Central Oil continues to assert that it is the owner of the equipment. It continues to allege that Wilson Oil has converted the property to its own use.
*21 The trial court in the present case found that the equipment (the underground storage tanks, gasoline pumps, and related property), because of its nature and destination, had become incorporated into the land and had become immovable property, and that it became the property of Wilson Oil, the purchaser at the sheriff's sale. Central Oil's appeal raises these issues:
1) whether the trial court erred in concluding Wilson Oil was the owner of the property and equipment;
2) whether Wilson Oil purchased the property subject to Central Oil's lease; and,
3) whether Central Oil has proved unjust enrichment.
We find no error in the trial court's resolution of these issues.
Conversion is the wrongful act of dominion exerted over another's property in denial of or inconsistent with his rights. Gautreau v. Southern Milk Sales, Inc., 463 So.2d 1378 (La.App. 3rd Cir.1985). The measure of damages for conversion consists of return of the property itself, or if the property cannot be returned, the value of the property at the time of the conversion. Gurst v. City of Natchitoches, 428 So.2d 502 (La.App. 3rd Cir.1983).
In its earlier suit Central Oil did not seek the return of its equipment; it sought reimbursement for the cost of the equipment at the time of the conversion. It was clear in the prior suit that the equipment could not be removed from the ground without damage to it or to the property itself, therefore Central Oil's only remedy was a money judgment against the owner, Stop-N-Go, for the value of the property, and that was what was awarded. The trial court in that case in awarding reimbursement evidently concluded that the property could not be returned to Central Oil. That final judgment is the law of this case.
In the present suit Central Oil continues to assert its ownership of the equipment. It seeks another judgment for the value of the equipment against a subsequent owner of the property. This quest misapplies the theory of conversion. The first suit clearly found that Stop-N-Go, and not Wilson Oil, had converted Central Oil's equipment. The equipment could not be returned because it had become permanently attached to the land thereby becoming a component part of Stop-N-Go's property. See La.Civ.Code arts. 465 and 466. Stop-N-Go was the owner of the immovable and thus became the owner of the equipment once it was determined the equipment could not be returned. The equipment became component parts of the immovable. Central Oil has never claimed or proved ownership of the immovable. Central Oil has already obtained a judgment against a prior owner who converted the equipment to its own use. All of the former rights of Central Oil to the equipment have now been supplanted by that judgment. It cannot continue to assert its ownership of the equipment itself.
Central Oil also argues that the property following Wilson Oil's purchase of it at the sheriff's sale is subject to a recorded lease between Wagoner and Central Oil. This argument overlooks the fact that the lease between Wagoner and Central Oil was declared void for mutual breach in the earlier case, Central Oil and Supply v. Wagoner, supra. There is no merit to this argument.
Finally, in the alternative Central Oil seeks relief by invoking the theory of unjust enrichment. There are several essential elements for recovery under this doctrine. We need discuss but three: proof of an enrichment, proof of an impoverishment, and proof that there is no other remedy at law. Wilson Oil has not been enriched. It purchased and paid for the property along with the attached equipment at a sheriff's sale. Central Oil has not been impoverished. It has a money judgment against Stop-N-Go for the value of the equipment. And finally, plaintiff has failed to show there is no other remedy at law. Plaintiff has already obtained a judgment against Stop-N-Go under the theory of tortious conversion.
*22 The judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.