BOWES, Judge.
This is a suit by Norris R. Badeaux, plaintiff/appellant, for damages he alleges he suffered in connection with his early retirement from his position as supervisor with Celotex Corporation. The trial court granted appellee’s exception of no cause of action and exception of jurisdiction over the person. Mr. Badeaux appeals.
While employed, Mr. Badeaux was a production supervisor of Celotex Corporation, a subsidiary of Jim Walter Corporation, for approximately 42 years. He alleges that during the last few months of his employment, the plant manager would get intoxicated during working hours and his behavior would become abusive, discriminatory, obnoxious and rude, at which time, he would curse and belittle appellant, causing him to become embarrassed and humiliated. Mr. Badeaux also claims that he was required to perform non-regularly scheduled duties because the plant manager hired inexperienced personnel. He claims that he suffered great mental and physical difficulties, which caused him to become irritable, to lose sleep and appetite, and eventually to become extremely nervous and depressed. Finally, he asserts that in order to protect his health, he applied for, and was granted, early retirement on or about July 31, 1985.
In his original petition, Mr. Badeaux claimed only that this was an action in tort. On September 10, 1986, the defendant, Cel-otex Corporation, filed a peremptory exception of no cause of action. On that same date, defendant, Jim Walter Corporation, a Florida-based corporation, filed a declinato-ry exception of jurisdiction over the person. On December 16, 1986, plaintiff/appellant filed a supplemental and amending petition and asserted a claim under the Louisiana Worker’s Compensation Law. A hearing, ostensibly on the exception of no cause filed against the tort claim, was held on December 22, 1986. At that time, the trial judge raised the exception of no cause of action to the worker’s compensation claim on his own motion, as is provided for in LSA-C.C.P. art. 927, since no formal exception on that particular issue was specifically raised or filed by the defendant. On January 5, 1987, the trial judge rendered judgment sustaining both the exception of no cause of action in tort and in Worker’s Compensation.
On January 9, 1987, the trial judge rendered judgment and sustained the Exception of Jurisdiction over the Person. In the Motion for Appeal, plaintiff/appellant only made a motion to devolutively appeal the final judgment dated January 6,[1] 1987 [sic]. Accordingly, the judgment dated January 9, 1987, supra, has now become a final non-appealable judgment.
Appellant presents four issues to be decided by this court, which he states in his brief to be:
*1148 1. This suit is based upon the Louisiana Tort law.
2. Is this case a claim under the Louisiana Workmen’s Compensation Law?
3. This claim [is] a suit pursuant to the Civil Rights Act according to 42:U.S.C. Section 1983.
4. Does Louisiana Court have jurisdiction in Civil Rights suit?

Issue Number One

Mr. Badeaux contends that he has a claim under the general tort articles LSA C.C. Art. 2315[2] and Art. 2320.[3]
We disagree. This case is governed by the Louisiana Worker’s Compensation Law LSA R.S. 23:1032, which states in pertinent part:
“The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee ” (Emphasis added)
Although LSA C.C. Art. 2315 and Art. 2320 do give an injured plaintiff the right to sue in tort for certain damages, these rights are limited by the application of LSA R.S. 23:1032 when the plaintiff is an injured worker entitled to compensation benefits. Under these circumstances, the plaintiff is barred by LSA R.S. 23:1032 from suing in tort for the same injury. Tate v. Jacobs Engineering Co., 421 So.2d 321 (La.App. 1 Cir.1982) writs denied 423 So.2d 1167 (La.1982). There exists two exceptions to the exclusive remedy provision:
1. Where the injury is caused by the intentional acts of a fellow employee or employer.
2. Where injuries occur outside the course and scope of employment.
LSA R.S. 23:1032
In the instant case, appellant was employed by Celotex Corporation and makes no claim which would exempt him from the Worker’s Compensation statutes. He does not claim that the actions of the plant manager were intentional as previously defined by the Louisiana Supreme Court, that is, the plant manager either overtly desired to bring about the physical results of his act or believed that they were certain or substantially certain to follow from his conduct. Bazley v. Tortorich, 397 So.2d 475 (La.1981). Neither does he claim that all alleged actions of the plant manager against Mr. Badeaux took place any where except within the course and scope of their employment. Therefore, the appellant’s exclusive remedy, if any, would be derived from the Louisiana Worker’s Compensation Law and the learned trial judge was eminently correct in sustaining an exception of no cause of action to plaintiff’s claim in tort.

Issue Number Two

Mr. Badeaux contends that the facts as alleged provide a cause of action and remedy in Louisiana Worker’s Compensation Law. This assertion is based on the extreme emotional and mental problems he allegedly suffered while performing certain duties during his employment.
Appellee claims that although mental disabilities are compensable under Louisiana Worker’s Compensation Law, such conditions are only compensable when they result in a disabling injury. Therefore, says appellee, since Mr. Badeaux has not alleged any physical injury per se, the trial court’s *1149 ruling that the plaintiff failed to state a cause of action under the worker’s compensation law should be affirmed. We disagree.
LSA C.C.P. Art. 927[4] is the source of the peremptory exception of no cause of action. The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984) reconsideration denied 448 So.2d 1302 (La.1984). It is well settled that this exception must be decided upon the facts alleged in the petition; and for the purposes of trial of the exception, the truth and correctness of the facts pleaded are conceded and the exception may be sustained only when it is clearly shown that the law affords no remedy to anyone for the particular grievance alleged. Meche v. Arceneaux, 460 So.2d 89 (La.App. 3 Cir.1984). We must, therefore, decide whether the law affords any relief to appellant under the circumstances alleged, under any theory of the case. Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985); Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91 (La.1984).
This court has previously held that mental disabilities are compensable under the Louisiana Worker’s Compensation Law. Guillot v. Sentry Ins. Co., 472 So.2d 197 (La.App. 5 Cir.1985); Faucheux v. Hooker Chemical Corp., 440 So.2d 1377 (La.App. 5 Cir.1983) writ denied 444 So.2d 1238 (La.1984) writ granted 444 So.2d 1251 (La.1984) writ withdrawn 459 So.2d 498 (La.1984). However, the condition must be proven, as in any other disabling injury, by a preponderance of the evidence and the causal relation must be established. Faucheux v. Hooker Chemical Corp., supra.
In the instant case, Mr. Badeaux’s original claim for damages states in pertinent part:
XIII.
That because of the above unruly acts of the plant manager, your petitioner suffered great mental and physical difficulties, whereby he became very irritable, all of which caused him to lose his sleep and appetite and making the petitioner extremely nervous and depressed.
He further states in pertinent part in the supplemental and amending petition:
XII.
That during the tenure of employment of the plant manager, the plant manager would ridicule, harass, discriminate, curse and belittle your petitioner in the presence of other employees, causing your petitioner to become embarrassed, humiliated and depressed.
XIV.
That your petitioner, in order to protect his health, and to avoid any further misconduct and intolerable conditions, applied for early retirement. Your petitioner was formally retired as production supervisor for JIM WALTER CORPORATION and CELOTEX CORPORATION on July 31, 1985.
XXII.
That on or about July 31, 1986 [sic] your petitioner suffered extreme emotional and mental problems while he was performing certain duties at his employment. This occurred at the business place of the defendant in Marrero, Louisiana.
XXIII.
That as a result of the above accident which NORRIS RANDOLPH BA-
*1150 DEAUX has sustained, he has been totally incapacitated from doing any reasonable work for which he is suited by reason of his training and experience, mainly because these injuries have affected his health and capacity to do work in a manner which he could do before the accident.
XXV.
That as a result of the above accident, NORRIS RANDOLPH BADEAUX received immediate medical attention and the trauma caused by the accident resulted in injuries described in Paragraph No. XXII.
In reviewing whether or not an exception of no cause of action was properly maintained by the trial court, we must assume the correctness of the allegations of the plaintiffs petition. LSA-C.C.P. Art. 927, supra. We are of the opinion that although the plaintiffs petition and supplemental amending petition are somewhat vague, together they do provide sufficient facts to state a cause of action under the Worker’s Compensation Law and properly bring this matter before the court.
The long established procedural rule approved many times over the years by the Louisiana Supreme Court (see citations, infra) and more specifically in Haskins v. Clary, 346 So.2d 193 (La.1977) holds:
The general rule applicable to trial of such exceptions is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless plaintiff has no cause of action under any evidence admissible under the pleadings. West v. Ray, 210 La. 25, 26 So.2d 221 (1946); Babineaux v. Southeastern Drilling Corp., 170 So.2d 518 (La.App. 3 Cir.1965). Because a petition is subject to more than one interpretation or is vague, does not mean that it is fatally deficient. A vague, uncertain, or indefinite petition is subject to an exception of vagueness, but not to an exception of no cause of action. Brunson v. Mutual Life Ins. Co. of N.Y., 189 La. 743, 180 So. 506 (1938); Goldsmith v. Virgin, 122 La. 831, 48 So. 279 (1909).
See also Darville v. Texaco, Inc., 447 So.2d 473 (La.1984); Jenkins v. Ouachita Parish School Bd., 459 So.2d 143 (La.App. 2 Cir.1984); Dier v. Hamilton, 501 So.2d 1059 (La.App. 2 Cir.1987).
In the instant case, we find that the allegations of plaintiffs supplemental and amending petition quoted above, and particularly allegations XII, XXII and XXIII are sufficient, in order to entitle plaintiff to an opportunity to prove his eligibility for benefits pursuant to the Louisiana Worker’s Compensation Law. We reach this conclusion because we are mindful that any reasonable doubt as to the sufficiency of the petition must be resolved in favor of a finding that plaintiff's petition has stated a cause of action. Haskins v. Clary, supra and other citations, supra; Kaufman & Enzer Joint v. Bethlan Prod. C, 459 So.2d 60 (La.App. 2 Cir.1984); Landry v. Landry, 339 So.2d 360 (La.App. 1 Cir.1976) writ den. 341 So.2d 900 (La.1977). If the defendant feels the allegations of plaintiff’s petition is not stated with sufficient particularity, his proper remedy is to file an exception of vagueness, but not an exception of no cause of action. This is the clear and unambiguous rule of procedural law established for many years in Haskins v. Clary, supra, and the several other cases cited supra in connection with Haskins.
As to whether appellant’s proof can be established by a preponderance of the evidence, that is an entirely different matter which is not before us at this time.

Issues Number Three and Four

Mr. Badeaux now claims that he had a suit of civil rights violation, and that he had the right to file suit either in the federal courts or the state courts of Louisiana. These issues were never presented by the pleadings nor made an issue at trial. Although the trial judge made the following statement at the hearing, “I think you belong in Federal Court”, this statement did not expand the pleadings pursuant to LSA C.C.P. Art. 1154 because the plaintiff *1151 did object with the following statement: “Your Honor, I’m entitled to a claim under the tort articles of the Civil Code. If not, in the alternative, a claim on workman’s compensation. Either way, I have a claim against the employer.” Further, counsel for Mr. Badeaux, in his Memorandum Supporting a New Trial stated: “The suit filed by the plaintiff is not a civil rights claim but a claim under the tort law of the State of Louisiana for damages caused by the gross and willful conduct on the part of the employee of the Celotex Corporation.”
Since no appropriate pleadings were ever filed to bring the issue of whether or not this is a civil rights matter before the trial court, we decline to consider it. Issues not properly raised in the trial court will not be considered on appeal. Uniform Rules: Courts of Appeal, Rule 1-3. Wm. B. Coleman Co., Inc. v. Ackel, 459 So.2d 596 (La.App. 5 Cir.1984).
For the above reasons, the judgment of the trial court sustaining the exception of no cause of action raised by the Court “ex proprio motu” as it pertains to appellant’s cause of action under the Louisiana Workman’s Compensation Act is reversed and set aside and this matter is remanded to the trial court for further proceedings in accordance with this opinion. All costs of this appeal are to be borne by the appellee.
REVERSED, SET ASIDE AND REMANDED.
KLIEBERT and GOTHARD, JJ., concur.

. The date and the judgment rendered sustaining the Exception of No Cause of Action is unclear. It appears that the numeral 6 was written with the numeral 5 written over it. We accept January 5, 1987 as the correct date as that is the date reflected on the Chronological Index.

. Art. 2315. Liability for acts causing damages Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.

. Art. 2320. Acts of servants, students or apprentices
Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.
In the above cases, responsibility only attached, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it.

. Art. 927. Objections raised by peremptory exception
The objections which may be raised through the peremptory exception include, but are not limited to, the following:
(1) Prescription;
(2) Res Judicata;
(3) Nonjoinder of an indispensable party;
(4) No cause of action; and
(5)No right of action, or no interest in the plaintiff to institute the suit.
The court cannot supply the objections of prescription and res judicata, which must be specially pleaded. The nonjoinder of an indispensable party, or the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, may be noticed by either the trial or appellate court of its own motion.