KLIEBERT, Judge.
The appellant, Frank Ashley Jones, Jr., a forced heir of the decedent, Frank Ashley Jones, Sr., born of his first marriage, filed an opposition to the homologation of the final account of the appellee, Betty Jones, surviving spouse by second marriage, and testamentary executrix of the decedent’s estate. The opposition raises two questions: (1) Is the balance ($28,060.76) in a qualified Keogh Plan Account, to which the surviving spouse in the second community is the named beneficiary, included in the mass of the decedent’s estate for purpose of computing the disposable portion of the decedent’s estate, and (2) Is the forced heir, born of the decedent’s first marriage, entitled to have the surviving spouse in community post security for property over which she has the usufruct and the forced heir has the naked ownership. For the reasons hereinafter stated we answer the first question “no”, the second question “yes”, and remand the case to the trial court.
Civil Code Article 1505(D) provides for the calculation of the mass of the succession. Sub-paragraph “D” states:
“Employer and employee contributions under any plan of deferred compensation adopted by any public or governmental employer or any plan qualified under Sections 401 or 408 of the Internal Re-venuye Code, and any benefits payable *826 by reason of death, disability, retirement, or termination of employment under any such plans, shall not be included in the above calculation, nor shall any of such contributions or benefits be subject to the claims of forced heirs. However, the value of such benefits paid or payable to a forced heir, or for the benefit of a forced heir, shall be deemed applied and credited in satisfaction of his forced share.”
Keogh Plans are regulated by Section 401 of the Internal Plan. Hence a qualified Keogh Plan would fall under the exclusion above quoted.
La.C.C.P. art. 3154.1 provides as follows:
“If the former community or separate property of a decedent is burdened with a usufruct in favor of his surviving spouse, successors to that property, other than children of the decedent’s marriage with the survivor, may request security in accordance with the preceding article in an amount determined by the court as adequate to protect the petitioner’s interest.”
Under this provision the forced heir would be entitled to have .the security posted. However, the executrix contends the heir did not request the trial court to set a bond for the usufruct .granted to her as the surviving spouse of the decedent. The record designated by the heir contains no pleadings or transcript wherein a request for bond under Article 3154.1 is advanced. The only bond request documented in the designated record is for the executrix to post security for her administration. As the record does not document that a request for bond under Article 3154.1 was advanced in the trial court 'by the heir, we decline to address the issue. See Uniform Rules, Courts of Appeal, Rule 1-3; Wm. B. Coleman Co., Inc. v. Ackel, 459 So.2d 596 (5th Cir.1984). However, we reserve to the heir the right to file in the trial court a request for bond under Article 3154.1 and remand the case to the trial court for the forced heir to file such a motion. In all other respects the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED AND REMANDED.