665 So.2d 481 (1995)
DEUBLER ELECTRIC INC.
v.
KNOCKERS OF LOUISIANA, INC. and Odilie Calderini.
No. 95-CA-372.
Court of Appeal of Louisiana, Fifth Circuit.
November 15, 1995.
*482 Frank V. Zaccaria, Jr., Harvey, for Plaintiff/Appellee, Deubler Electric, Inc.
Adam Samuel Cohen, New Orleans, for Defendant/Appellant, Odilie Calderini.
Before BOWES, GRISBAUM and WICKER, JJ.
BOWES, Judge.
Defendant/appellant, Odilie Calderini, appeals a judgment of the district court against her and in favor of plaintiff/appellee Deubler Electric Inc. in the amount of $23,807.14, plus $1,000.00 attorney fees, plus interest and court costs. For the following reasons we reverse.

FACTS
Deubler entered into an agreement with defendant, Knockers of Louisiana, represented by Robert Anderson, to make electrical repairs to property leased to Anderson and Knockers and owned by Mrs. Odilie Calderini. Upon completion of the work, Knockers failed to pay the invoices billed to it. Deubler filed a petition on open account, and further requested recognition of a labor and materialman's lien, against Calderini and Knockers. The petition alleged that Deubler sold, delivered and installed merchandise and/or services at and to the premises at 1926 West End Park in Jefferson Parish, owned by Calderini and leased to Knockers, in the amount of twenty three thousand eight hundred seven dollars and fourteen cents ($23,807.14). It was further alleged that a lien was filed in the clerk's office, and the court was petitioned to recognize the lien.
Trial on the matter was held on November 24, 1994. Knockers failed to appear and did not have counsel at the hearing. At the conclusion of the proceedings, the trial court rendered judgment in favor of Deubler and against Knockers of Louisiana, Inc.; the portion of the case against Mrs. Calderini was taken under advisement. On December 12, 1994, judgment was rendered in favor of Deubler and against Mrs. Calderini in the amount of $23,807.14, plus attorneys fees of $1,000.00, plus interest and court costs. No mention of the lien sought by Deubler was made in the judgment rendered.

EVIDENCE AND TESTIMONY
At the trial, Edward Deubler, owner and president of the company, testified that all the work done was on the "structural building"the obsolete, illegal wiring already in place was pulled out and replaced, bringing everything up to code. Work was also done on a Mexican restaurant located in the same building, to bring that area up to code also, "... but everything was to be billed through Knockers." He had several meetings about payments with Mr. George Warner, son of Mrs. Calderini, and Warner told him that Knockers was having some financial problems and that he would pay the bill. Warner kept promising to pay when Deubler spoke with him. There was no written contract with either Knockers or Mrs. Calderini, and at no time did he meet with Mrs. Calderini, although Warner represented himself to him as her agent. There was a written quotation by Deubler to Robert Anderson of Knockers, approved (by a signatory whose name is illegible).
Warner testified at trial that he had no authorization or agreements to act as agent for his mother "regarding business negotiations with that location," and never represented himself as such agent. He also said that he did not make any promises for payment of money.
The elderly Mrs. Calderini testified that she was never contacted by anyone from Deubler, nor did she authorize them to do work. She knew that the building needed some work; however, her tenant was "a young man, very aggressive and not all times did he check with me ... everything was not discussed with me. He took a lot of things under his own inutution [sic]."
During the renovation period she sent her sons to check on things, and George was the most available of her boys. "I have him as my personal assistant, so they contact him *483 first. But for any verification, I have to do the acceptance." She knew that electrical work had been done, but could not pinpoint exactly what work was completed.
Submitted as evidence at trial were copies of the lien filed; the written quotation from Deubler to Knockers, sent to the attention of Robert Anderson; invoices sent by Deubler to Knockers; and a copy of the lease between Knockers and Mrs. Calderini. The lease contains the following pertinent clause:
4. ALTERATIONS Lessee shall not, without first obtaining the written consent of lessor, make any alterations, additions, or improvements in, to or about the premises.

ANALYSIS
The judgment does not recognize the lien on Mrs. Calderini's property, but rather grants only a money judgment against appellant.
Where a judgment is silent to a demand at issue in a case under the pleadings, such silence constitutes absolute rejection of the demand. Succession of Foster, 240 La. 269, 122 So.2d 96 (La.1960); Ernst v. Basset [Bassett ], 521 So.2d 414 (La.App. 5th Cir.1988). In Re: NORTON FAMILY TRUST FIRST NATIONAL BANK OF COMMERCE, as Trustee of the Norton Family Trust, Jean Adair Norton v. Kathleen A. Chopp SCHMITT, as Testamentary Executrix of the Succession of Eileen Jackson Norton, 655 So.2d 398, 94-1035 La.App. 5 Cir. 4/25/95, (La.App. 5 Cir. 1995).
With regard to the money judgment on the suit on open account, there is no dispute about the fact that there was no written agreement between Mrs. Calderini and Deubler agreeing to the price and work of the Knockers' contract. Therefore, in order to prevail, it is necessary that Deubler prove by a preponderance of the evidence that there was a contract between itself and Mrs. Calderini. A suit on open account requires a contract between the parties, as we stated in Mattix Cabinet Works, Inc. v. Witt, 625 So.2d 527 (La.App. 5 Cir.1993):
The appellant correctly argues that an action on an open account must be based on a contract between the parties. La.R.S. 9:2781. La.R.S. 9:2781(C) provides in part:
"open account" includes any account for which a part or all of the balance is past due, whether or not at the time of contracting the parties expected future transactions. [Emphasis added].
We have held that one who sues on an open account has the burden of proving the contract. Wm. B. Coleman Co., Inc. v. Ackel, 459 So.2d 596 (La.App. 5th Cir. 1984).
With regard to oral contracts, La.C.C. art 1846 provides:
When a writing is not required by law, a contract not reduced to writing, for a price or, in the absence of a price, for a value not in excess of five hundred dollars may be proved by competent evidence. If the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances.
In Mattix, supra, the only witness to testify as to the open account was the plaintiff; the defendant, as the defendant in the present case, denied the allegations. We found in that case that there was no other witness nor corroborating circumstances, and reversed the trial court, rejecting plaintiff's demands.
La.C.C. art. 1846 requires that an oral contract in excess of $500.00 must be proven by at least one witness and other corroborating evidence. A party may offer his own testimony in support of a claim of an oral contract in excess of $500.00, but must show other circumstances which corroborate his claim.
Although corroboration is required, only general corroboration must be shown, not independent proof of every detail of his testimony. The question of whether evidence offered by the plaintiff corroborates his claim under an oral contract is a finding to be made by the trier of fact, and is therefore not subject to reversal unless clearly wrong. Lee Eyster & Associates, Inc. v. Favor, 504 So.2d 580, 582 (La.App. *484 4 Cir.1987), writ denied, 507 So.2d 232 (La.1987).

Taylor v. Dowden, 563 So.2d 1294, 1297 (La.App. 3d Cir.), writs denied, 568 So.2d 1057 (La.1990).
It is well settled that a party in the litigation may serve as his own `credible witness' in fulfilling the requirements of this article. Ville Platte Concrete v. Western Cas. & Sur., 399 So.2d 1320 (La.App. 3d Cir.1981); O'Rourke v. Tracy, 375 So.2d 747 (La.App. 4th Cir.1979); Richard v. Comeaux, 626 So.2d 507, (La.App. 3 Cir. 1993); Pennington Const., Inc. v. R A Eagle Corp., 652 So.2d 637, 94-575 La.App. 1 Cir. 3/3/95, (La.App. 1 Cir.1995).
However, the corroborating circumstances that are required must come from a source other than the plaintiff. Hilliard v. Yarbrough, 488 So.2d 1038 (La.App. 2 Cir. 1986); Pennington, supra. Whether there were corroborating circumstances sufficient to establish an oral contract is a question of fact. Pennington, supra; Pelican Electrical Contractors v. Neumeyer, 419 So.2d 1 (La. App. 4 Cir.1982), writ denied, 423 So.2d 1150 (La.1982).
In the instant case, it appears the trial court did not consider the existence of corroborating circumstances. We accept the trial court's evaluation of the witnesses finding that Mr. Deubler was more credible. However, we find the record completely devoid of any evidence that corroborates his testimony. The only person who allegedly spoke with Mr. Warner at the time the repairs were begun was the elder Mr. Deubler who did not testify at the trial. Moreover, the testimony of the younger Deubler can at best be construed not as a contract constituted between Deubler and Mrs. Calderini, but as a promise by Warner to pay the debt owed by Knockers. There was no written evidence whatsoever of any agreement to pay the Knockers' obligation on the part of Mrs. Calderini or of her son. An obligation to pay the debt of another, as guarantor or surety, must be in writing. Cole v. Joshua, 575 So.2d 859 (La.App. 2 Cir.1991); Mattix, supra. Therefore, even accepting the court's determination as to the issue of credibility, the action fails because of the lack of any corroborating evidence required under La. C.C. 1846, supra. Accordingly, the trial court erred as a matter of law in granting judgment against Mrs. Calderini.
We further find that the trial court erred insofar as it awarded judgment under the theory of unjust enrichment.
In Edwards v. Conforto, 636 So.2d 901 (La.1993), the Supreme Court restated the requisites for an action in unjust enrichment thusly:
This court in Minyard v. Curtis Products, Inc., 205 So.2d 422, 432 (La.1967), set forth the required elements for a showing of unjust enrichment. The five prerequisites are: 1) an enrichment on the part of the defendant; 2) an impoverishment on the part of the plaintiff; 3) a causal relationship between the enrichment and the impoverishment; 4) an absence of justification or cause for the enrichment or impoverishment; and 5) no other remedy at law.
In a case which employed a similar analysis to the analysis which we must apply here, the First Circuit in Scott v. Wesley, 589 So.2d 26 (La.App. 1 Cir.1991) discussed the theory of unjust enrichment in a situation wherein the plaintiff had erected a structure under a contract with one defendant, Wesley, only to find that the land on which the building rests belonged to another defendant, Mrs. Hughes. Plaintiff sued Wesley and obtained a judgment, but was unable to collect on the judgment. He then proceeded to sue Mrs. Hughes, alleging that she was unjustly enriched by the structure on her property. The court, in finding that plaintiff did not establish a case for unjust enrichment, reasoned as follows:
The fifth requirement, that there be no other practical remedy at law available to the impoverishee, is critical to the resolution of this case. In Morphy, Makofsky & Masson, Inc. v. Canal Place 2000, 538 So.2d 569 (La.1989), our Supreme Court held that the existence of a claim on an express or implied contract precludes application of the unjust enrichment theory, because the potential claim constitutes a practical remedy at law available to the impoverishee. Furthermore, in cases *485 where a claim has been exercised and a judgment obtained, it is most apparent that there is a practical remedy available at law. See: Pilgrim Life Insurance Company of America v. American Bank and Trust Company of Opelousas, 542 So.2d 804, 807 (La.App. 3rd Cir.1989); Central Oil & Supply Corporation v. Wilson Oil Company, Inc., 511 So.2d 19, 21 (La.App. 3rd Cir.1987). In the instant case, Scott exercised his claim successfully and obtained a judgment against Wesley for the $9,500.00 purchase price of the house, the very same payment he seeks to recover in this suit. He testified at trial that he has been unable to collect any money from Wesley. He stated that he looked for Wesley for about three years and was told by the people who knew him that Wesley was out of state.
In Royal Oldsmobile Co., Inc. v. Yarbrough, 425 So.2d 823 (La.App. 5th Cir. 1982), plaintiff's claim in unjust enrichment was denied because the court found that he had a practical remedy at law, even though his purchaser had moved to another state. The court explained: "Because appellants chose not to further pursue [purchaser] in California is not sufficient reason to impose liability on [enrichee]. The ease of attaining a remedy is not a sufficient reason to apply unjust enrichment". Royal, 425 So.2d at 825. In the instant case, Scott pursued his remedy, and he has a judgment against his purchaser. We find that Scott has failed to provide evidence that this judgment is not a viable means of recovery. The trial court erred in concluding that Scott had established his case for unjust enrichment ... (Emphasis supplied).
See also Royal Oldsmobile Co., Inc. v. Yarbrough, 425 So.2d 823 (La.App. 5 Cir.1982).
In the instant case, Deubler has sought and obtained judgment against Knockers in the same lawsuit, the same debt which he seeks to enforce herein. It obviously has a remedy at law by an action against Knockers and/or Anderson and, has not, in the trial of this matter, shown that there is no viable means of recovery. Therefore, Deubler has not established a case for unjust enrichment, and the trial court erred in finding otherwise.

DECREE
For the foregoing reasons, the judgment in favor of appellee, Deubler Electric, Inc., and against appellant, Odilie Calderini in the amount of $23,807.14, plus $1,000.00 in attorney fees, plus interest and court costs is reversed.
REVERSED AND RENDERED.