542 So.2d 804 (1989)
PILGRIM LIFE INSURANCE COMPANY OF AMERICA, Plaintiff-Appellant,
v.
AMERICAN BANK & TRUST COMPANY OF OPELOUSAS, Defendant-Appellee.
No. 87-1399.
Court of Appeal of Louisiana, Third Circuit.
April 19, 1989.
A.D. Barnes, Jr., New Orleans, for plaintiff/appellant.
James P. Doherty, Jr., Opelousas, for defendant/appellee.
Before FORET, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
This case arises out of a suit by appellant, Pilgrim Life Insurance Company of America (Pilgrim), against appellee, American Bank & Trust Company of Opelousas (American Bank), for the return of $4,859.82 which was paid by Pilgrim to American Bank and which Pilgrim alleges *805 was not due. The district court denied recovery and Pilgrim now appeals.
This suit involves the relationships between three parties: (1) American Bank (appellee), (2) Ora P. Walgamotte, and (3) Pilgrim (appellant). Walgamotte purchased a vehicle which was financed through American Bank. In connection with that transaction, Walgamotte purchased a policy of disability insurance from Pilgrim on May 3, 1983. The policy provided for benefit payments of $426.30 per month during periods of Walgamotte's total disability. The monthly benefit amount equalled the amount of the monthly payments that Walgamotte was to make to American Bank pursuant to their financing agreement. Walgamotte named American Bank as the primary beneficiary of the insurance policy.
On January 31, 1984, Walgamotte submitted a claim form to Pilgrim which alleged accidental injury, along with a statement by a doctor certifying Walgamotte to be totally disabled. Based on that claim, Pilgrim began paying monthly benefits according to the terms of the insurance policy.
On June 20, 1985, while still continuing to pay monthly benefits, Pilgrim requested a report from Walgamotte's treating physician. On August 15, 1985 the treating physician replied to Pilgrim's request stating that Walgamotte was still totally disabled. Despite this statement by the physician, Pilgrim began an investigation of Walgamotte on September 10, 1985. Pilgrim discontinued payment of the monthly benefits after September 24, 1985. On December 6, 1985, Pilgrim received information by phone that Walgamotte had been employed by Fox Security since the summer of 1984. That same day, Pilgrim requested employment information from Fox Security. On January 6, 1985, Pilgrim referred the Walgamotte file to legal counsel.
Walgamotte filed suit against Pilgrim in the 22nd Judicial District Court alleging failure to pay benefits under the insurance policy after September 24, 1985. Walgamotte brought American Bank into the suit as an indispensable party and co-plaintiff. Pilgrim filed a reconventional demand against Walgamotte alleging that Walgamotte was not disabled on or after October 12, 1984, and praying for judgment against him for benefit payments made after that date.
The district court found that Walgamotte was not totally disabled, as defined by the insurance policy, on or after October 12, 1984, and rendered judgment in favor of Pilgrim and against Walgamotte in the amount of $4,859.82 (the total of benefits paid from October 12, 1984 to September 24, 1985), together with legal interest from the month of each benefit payment until paid. The judgment also dismissed with prejudice the suit by Walgamotte against Pilgrim and the suit by American Bank against Pilgrim. The judgment was rendered on July 28, 1986.
On October 10, 1986, Walgamotte filed a petition for relief under Chapter 7 of Title 11 of the U.S.Code in the United States Bankruptcy Court for the Eastern District of Louisiana. Pilgrim has received no payment from Walgamotte or the Trustee in Bankruptcy in partial or total satisfaction of the judgment of the 22nd Judicial District Court.
Pilgrim filed suit against American Bank in the 27th Judicial District Court based on quasi contract under LSA-C.C. art. 2301 for refund of payment of a thing not due. Pilgrim prayed for a judgment directing American Bank to return the $4,859.82 in benefit payments that it had made to the bank under the mistaken belief that Walgamotte was totally disabled.
The district court rendered judgment in favor of American Bank and against Pilgrim, rejecting Pilgrim's demand. From this judgment Pilgrim now appeals, asserting three assignments of error: (1) the trial court erred in holding that there was an obligation due to American Bank by Pilgrim; (2) the trial court erred in holding that Pilgrim had a duty to prove Walgamotte's total disability before making any payments to American Bank and that it failed in that duty; and (3) the trial court erred in not ordering American Bank to *806 return the payments mistakenly made by Pilgrim.
LSA-C.C. art. 2301 provides:
"He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it."
We believe the trial court was correct in finding that article 2301 is not applicable to the factual situation before the court. The reason that article 2301 does not apply is that the article deals with the restitution by a person of "what is not due to him." In this case American Bank was owed a note and monthly payments by Walgamotte. Pilgrim made these monthly payments on Walgamotte's note to American Bank on behalf of Walgamotte. Therefore, the money cannot be recovered from American Bank as payment of a thing not due under article 2301 because the debt was owed and American Bank accepted the payments in good faith. Although the trial court additionally found that the obligation was owed to American Bank by Pilgrim, this finding was not necessary to render article 2301 inapplicable to this fact situation. Thus, we find Pilgrim's first assignment of error to be without merit.
The trial court also held that Pilgrim had a duty to first ascertain its liability to Walgamotte before making payment to American Bank and that it failed in that duty. This holding has no relevance to our determination that article 2301 is inapplicable under the facts of this case. Even if this holding of the trial court was erroneous (which we do not decide), it has no bearing on the applicability of article 2301 and, therefore, could not prejudice Pilgrim, and thus would constitute harmless error. Thus, we find Pilgrim's second assignment of error to be without merit.
Pilgrim's action would seem to be proper as one based on quasi contract under LSA-C.C. art. 2302, which provides:
"He who has paid through mistake, believing himself a debtor, may reclaim what he has paid."
The provisions of article 2302 are tempered, however, by the following article, LSA-C.C. art. 2303, which states:
"To acquire this right, it is necessary that the thing paid be not due in any manner, either civilly or naturally. A natural obligation to pay will be sufficient to prevent the recovery." (emphasis ours)
In the instant case, there was something due to American Bank. There was a civil obligation that had been incurred by Walgamotte that had additionally been insured through a policy of disability insurance issued by Pilgrim. There was contractually a payment due and, therefore, under the provisions of article 2303 the right to reclaim from American Bank what has been paid on behalf of Walgamotte has not been acquired by Pilgrim.
Even if this could somehow be considered not to be the case, we agree with the court in Acme Refrigeration of Baton Rouge v. Caljoan, Inc., 346 So.2d 743 (La. App. 1st Cir.1977) which, in considering the restitution provided for in article 2302, stated:
"Though we have not found any case2 which specifically states that this restitution may be claimed from the true debtor, we believe that the action allowed by this article will lie against either the creditor or the true debtor. We are supported in this view by the general principles of unjustified enrichment stated in LSA-C.C. art. 1965." (footnote omitted).
Accordingly, in the instant case Pilgrim could have sued either the creditor (American Bank) or the true debtor (Walgamotte). Pilgrim has already sued Walgamotte and obtained a judgment against him for the same thing for which it is now suing American Bank. Pilgrim has elected its remedy and obtained relief in its action against Walgamotte and cannot now maintain an action for the same relief against American Bank, which relief, if granted, would amount to double recovery.
We believe that if Pilgrim has a cause of action against American Bank, it would be governed by the action for unjust enrichment (actio de in rem verso).
*807 The essential basis for the remedy for unjust enrichment is the principle of natural justice which requires that no one should be enriched at the expense of another. Carter v. Flanagan, 455 So.2d 689 (La.App. 2nd Cir.1984). There are certain limitations designed to restrict the use of equity to cases where one party truly receives a windfall from another without legal cause, which are placed on such actions by the jurisprudence of Louisiana Courts.
As stated in Carter v. Flanagan, supra:
"The prerequisites which must be satisfied to successfully invoke the action for unjust enrichment were set forth by the Louisiana Supreme Court in Edmonston v. A-Second Mortgage Co., 289 So. 2d 116 (La.1974). There must be: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) an absence of justification or cause for the enrichment and the impoverishment, and (5) no other remedy at law available to the impoverishee."
In the instant case Pilgrim made $4,859.82 worth of payments on Walgamotte's debt to American Bank. It is debatable who was enriched by this because, although the payments were made to American Bank, they also resulted in the enrichment of Walgamotte in that his patrimony was increased because he no longer owed that portion of his debt to American Bank. However, for purposes of argument we will consider this to be an enrichment of American Bank. There was likewise an impoverishment of Pilgrim in the same amount as the enrichment. The circumstances also establish the causal connection between the enrichment and the impoverishment.
The two remaining requirements for recovery under unjust enrichmentlack of justification or cause and absence of any other remedy at lawgive rise to the critical questions under this remedy.
"Not every unjust enrichment warrants usage of equity. Courts may resort to equity only in cases of unjust enrichment for which there is no justification in law or contract. In other words, an enrichment is justified if it is the result of, or finds its explanation in, the terms of a valid judicial act between the impoverishee and enrichee or between a third party and the enrichee. Edmonston v. A-Second Mortgage, supra."
In the instant case, there is no valid juridical act between the impoverishee (Pilgrim) and the enrichee (American Bank). However, the financing agreement and contracts entered into between Walgamotte (a third party) and American Bank (the enrichee) are valid juridical acts from the terms of which American Bank's enrichment results or finds its explanation. Thus, this is not an unjust enrichment which warrants the use of equity.
Moreover, even if this were not the case, the fifth prerequisite for the successful invocation of an unjust enrichment theory is lacking. The record reveals that the stipulations of fact agreed to by the parties show that Pilgrim has already obtained a judgment against Walgamotte in the 22nd Judicial District Court for the return of the very same funds that it now seeks to recover in this suit. Thus, it is clear that another remedy at law was available to Pilgrim (the impoverishee), so that an action by Pilgrim under an unjust enrichment theory must fail.
From the foregoing discussion it is evident that the trial court did not err in not ordering American Bank to return the payments mistakenly made by Pilgrim. Thus, we find Pilgrim's third assignment of error to be without merit.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.