589 So.2d 26 (1991)
James M. SCOTT d/b/a Highway 16 Building Supply
v.
A.E. WESLEY, Jr.
No. CA 90 0994.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
Larry Starno, Denham Springs, for plaintiff.
James Carnes, Hammond, for defendant-appellant.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
EDWARDS, Judge.

Facts and Procedural Background
On or about March 1, 1983, plaintiff-appellee James S. Scott entered into a written *27 contract with A.E. Wesley, Jr. whereby Scott agreed to build a shell for Wesley for a total price of $9,500.00. The contract indicated that one half of the purchase price was to be paid when the job began, and the remaining half was to be paid upon completion of the job. Work began on March 2, 1983, and the job was completed on or about March 16, 1983. Contrary to the terms of the contract, Wesley did not pay half the purchase price when the job began. Rather, he informed Scott that he was waiting on a check from his father, and that he would render the total purchase price upon completion. An invoice, dated April 30, 1983 was issued to Wesley, for the amount due on the house, $9,500.00. Wesley paid Scott with a check for the total amount, which check was returned to Scott N.S.F. Scott later discovered that the owner of the land on which he built the house was not Wesley's, but rather Dorothy Stark Hughes's, Wesley's mother-in-law at the time.
Scott filed suit against Wesley on January 11, 1984, for recovery of the purchase price of the house. Scott obtained a default judgment in that action ordering Wesley to pay Scott $9,500.00 plus 25% attorney fees and 12% interest from the date of judicial demand. According to Scott, he has been unable to collect any of the amount due on the judgment from Wesley.
Scott then filed this action against Mrs. Hughes on May 9, 1988, alleging that she has been unjustly enriched by the house which he built on her property, and seeking the $9,500.00 purchase price from her. The trial court dismissed a motion for summary judgment filed by Hughes, and after the trial on August 24, 1989, rendered judgment in favor of plaintiff, Scott, and against Hughes in the amount of $9,500.00 plus interest from the date of judicial demand. Hughes has appealed, assigning error to the trial court's dismissal of her motion for summary judgment and to the trial court's conclusion that Scott had established his case for unjust enrichment.

Unjust Enrichment
The root principle of an unjustified enrichment, expressly recognized in Louisiana as a quasi-contractual action, in Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967), is that the plaintiff suffers an economic detriment for which he should not be responsible, while the defendant receives an economic benefit for which he has not paid. Tate, The Louisiana Action for Unjustified Enrichment: A Study in Judicial Process, 51 Tul.L.Rev. 446, 459 (1977). In Minyard, our Supreme Court set forth five prerequisites which must be satisfied to successfully invoke the action; there must be: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) an absence of justification or cause for the enrichment and the impoverishment, and (5) no other remedy at law available to the impoverishee.
In the context of the present action, prerequisites (1) through (4) require little discussion. Mrs. Hughes does not dispute that she has been enriched; the house built by Scott is on her property, and she testified that she moved into the house approximately five years prior to trial, after having made all of the necessary interior improvements, such as wiring, plumbing, fixtures, etc., and had lived in the house since that time. The obvious impoverishment to Scott is that he has never been paid the $9,500.00 purchase price for the house which he built. The causal connection between Scott's impoverishment and Hughes's enrichment is readily apparent. In interpreting the fourth prerequisite, our courts have held that the enrichment is justified if it is the result of, or finds its explanation in, the terms of a valid juridical act between the impoverishee (in this case, Scott) and the enrichee (in this case, Hughes), or between a third party and the enrichee. Edmonston v. A-Second Mortgage Company of Slidell, Inc., 289 So.2d 116 (La.1974); Pilgrim Life Insurance Company of America v. American Bank and Trust Company of Opelousas, 542 So.2d 804 (La.App. 3rd Cir.1989). There is no valid juridical act involving the enrichee, Mrs. Hughes, from which her enrichment results or finds its explanation. Indeed, she testified at trial that she was unaware *28 that the house was being erected on her property, that she only became aware of its existence after it was completed, and that she was under the impression that it had been paid for.
The fifth requirement, that there be no other practical remedy at law available to the impoverishee, is critical to the resolution of this case. In Morphy, Makofsky & Masson, Inc. v. Canal Place 2000, 538 So.2d 569 (La.1989), our Supreme Court held that the existence of a claim on an express or implied contract precludes application of the unjust enrichment theory, because the potential claim constitutes a practical remedy at law available to the impoverishee. Furthermore, in cases where a claim has been exercised and a judgment obtained, it is most apparent that there is a practical remedy available at law. See: Pilgrim Life Insurance Company of America v. American Bank and Trust Company of Opelousas, 542 So.2d 804, 807 (La.App. 3rd Cir.1989); Central Oil & Supply Corporation v. Wilson Oil Company, Inc., 511 So.2d 19, 21 (La.App. 3rd Cir. 1987). In the instant case, Scott exercised his claim successfully and obtained a judgment against Wesley for the $9,500.00 purchase price of the house, the very same payment he seeks to recover in this suit. He testified at trial that he has been unable to collect any money from Wesley. He stated that he looked for Wesley for about three years and was told by the people who knew him that Wesley was out of state.[1]
In Royal Oldsmobile Co., Inc. v. Yarbrough, 425 So.2d 823 (La.App. 5th Cir.1982), plaintiff's claim in unjust enrichment was denied because the court found that he had a practical remedy at law, even though his purchaser had moved to another state. The court explained: "Because appellants chose not to further pursue [purchaser] in California is not sufficient reason to impose liability on [enrichee]. The ease of attaining a remedy is not a sufficient reason to apply unjust enrichment". Royal, 425 So.2d at 825. In the instant case, Scott pursued his remedy, and he has a judgment against his purchaser. We find that Scott has failed to provide evidence that this judgment is not a viable means of recovery. The trial court erred in concluding that Scott had established his case for unjust enrichment, and accordingly, the judgment of the trial court is reversed. Costs of this appeal are assessed to the plaintiff, Scott.
NOTES
[1] We note that the record contains a judgment of divorce against A.E. Wesley rendered by the 21st Judicial District Court in the state of Louisiana evidencing that A.E. Wesley was present in, and subject to the jurisdiction of a Louisiana court on July 30, 1986.