United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 4, 2006**

Charles R. Fulbruge III
Clerk

In the

United States Court of Appeals

for the Fifth Circuit

---

N° 05-30205

---

IN THE MATTER OF:

WHITAKER CONSTRUCTION COMPANY, INC.,

Debtor.

WHITAKER CONSTRUCTION COMPANY, INC.,

Plaintiff-Appellee-
Cross-Appellant,

VERSUS

CITY OF SHREVEPORT, ET AL.,

Defendants,

CITY OF SHREVEPORT,

Defendant-Appellant-
Cross-Appellee.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

WHITAKER CONSTRUCTION COMPANY, INC.,

Plaintiff-Appellee-
Cross-Appellant,

VERSUS

CITY OF SHREVEPORT,

Defendant-Appellant-
Cross-Appellee.

———————————

Appeals from the United States District Court
for the Western District of Louisiana
№ 5:03-CV-1802

———————————

Before KING, SMITH, and BENAVIDES,
   Circuit Judges.

PER CURIAM:[*]

The City of Shreveport (the "City") appeals the denial of its motion for judgment as a matter of law ("j.m.l.") following a jury verdict in favor of Whitaker Construction Company, Inc. ("Whitaker"), in a suit involving a construction

dispute arising from the renovation of the Independence Stadium sports facility. The jury had found in the first set of interrogatories that there was a contract with respect to several contractual modifications known as Change Orders 1-6 but that the contract had not been breached by the city. It also found that there was no contract with respect to Proposed Change Orders PC51 and PC65. In the second set of interrogatories, it found that Whitaker nonetheless was entitled to compensation under unjust enrichment for the work described in PC51 and PC56, and it awarded Whitaker $764,265.00. This amount was less than that demanded by Whitaker on the two

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

proposed change orders and less than what Whitaker's experts had suggested.

The city argues that the bifurcated interrogatories with respect to contract and quasi-contract claims confused the jury, that the theory of unjust enrichment was inapplicable to this case, and that the verdict is unsupported by the evidence. Whitaker cross-appeals on several grounds. Because we affirm, we do not address the issues presented on cross-appeal.

I.

The city argues that the jury was confused and the two jury verdicts are inconsistent because the question whether the city owed Whitaker money under the two proposed change orders (PC51 and PC65R) was answered in the negative in the first set of interrogatories and in the affirmative in the second. Question 13 in the first set of interrogatories asks, "Do you find that Whitaker Construction Company, Inc. incurred damages as a result of the failure of the City of Shreveport to pay amounts due under the contract balances or proposed change orders?" The city argues that the jury's "No" answer to this question also answers the question, given in the second set of interrogatories, whether the city owed Whitaker any money under the equitable theory of quasi-contract.

The city's position that the two verdicts are inconsistent is frivolous. We review special interrogatories and jury charges for abuse of discretion. *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1096 (5th Cir. 1994). On appeal, the charge must be considered as a whole, and so long as "the jury is not misled, prejudiced, or confused, and the charge is comprehensive and fundamentally accurate, it will be deemed adequate and without reversible error." *Davis*

*v. Avondale Indus., Inc.*, 975 F.2d 169, 173-74 (5th Cir. 1992). In attempting to reconcile special verdicts, our constitutional mandate to maintain consistency requires us to look beyond the face of the interrogatories to the court's instructions. *McVey v. Phillips Petroleum Co.*, 288 F.2d 53, 59 (5th Cir. 1961). In considering whether alleged inconsistent verdicts may be reconciled, we view the evidence in the light most favorable to upholding the jury's decision by a finding of consistency. *Ellis v. Weasler Eng'g, Inc.*, 258 F. 3d 326, 343 (5th Cir. 2001); *Hiltgen v. Sumrall*, 47 F.3d 695, 701 (5th Cir. 1995).

The instructions with respect to the first set of interrogatories clarify that the court did not ask or instruct the jury on whether Whitaker was entitled to quasi-contractual damages in the first set of interrogatories. There is no mention of quasi-contract and its legal requirements in the instructions to the first set of interrogatories (or in the interrogatories). Rather, the instructions accompanying the first set of interrogatories are unambiguous and address only the issue of damages resulting from a breach of contract and additional tort damages arising from such breach. Similarly, the instructions given in the second set of interrogatories are unambiguous, because they address only the issue of equitable remedies.

Thus, the jury could not have been confused. The instructions "were sufficient to clear up any confusion which the written interrogatory may have created." *Winter v. Brenner Tank, Inc.*, 926 F.2d 468, 471 (5th Cir. 1991).[1]

---

[1] Furthermore, Question 13 unambiguously refers to tort damages resulting from a breach of contract, not to quasi-contractual damages. The ques-
(continued...)

## II.

The city contends that the theory of unjust enrichment, an equitable or quasi-contractual remedy, was not applicable to the two proposed change orders because there was another remedy at law available to Whitaker, namely "its suit on the public contract." This claim is frivolous. The jury determined in the first set of interrogatories (Questions 7 and 10) that there was no contract with respect to the two proposed change orders. Because there was no contract with respect to these two change orders, Whitaker had no remedy at law.[2]

## III.

The city also challenges the sufficiency of the evidence to support the verdict. The test used for reviewing a ruling on a j.m.l. is that "we must affirm the verdict unless the evidence viewed in the light most favorable to the jury's verdict points so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive

at a contrary conclusion." *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc), *overruled on other grounds by Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997); *Garcia v. City of Houston*, 201 F.3d 672 (5th Cir. 2000). "[This court's] sole function is to ascertain if there is a rational basis in the record for the jury's verdict." *Helene Curtis Indus., Inc. v. Pruitt*, 385 F.2d 841, 850 (5th Cir. 1967).

To prevail on a claim for unjust enrichment in Louisiana, the plaintiff must establish (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the resulting impoverishment; (4) an absence of "justification" or "cause" for the enrichment and impoverishment; and (5) that there is no other remedy at law.[3] Contrary to the city's assertions, there was a rational basis in the record for the jury to find for Whitaker on each of these prongs.

The uncompensated work that Whitaker performed as to PC51 and PC65 (as testified to by Whitaker's experts) constituted the basis for its impoverishment and the city's enrichment and is the connection between the two. Further, there was no justification for the impoverishment or enrichment. Also, because the jury found that there was no contract with respect to the two proposed change orders, Whitaker has no remedy at law.

The city avers nonetheless in its reply brief that there was no impoverishment or enrichment because it had already paid for the

---

[1](...continued)
tion asks whether Whitaker "incurred damages" as a result of the City's "failure . . . to pay" amounts due under the proposed change orders, not whether the city owed the amounts due under the proposed change orders. The former asks whether the breach of contract resulted in additional tort damages, and the latter asks whether there was a failure to pay under contract or quasi contract. Because these are two different questions, it is not inconsistent to have two different answers.

[2] The city also argues that allowing Whitaker to maintain a cause of action under unjust enrichment would circumvent the prohibition against the city's entering contracts on a cost-plus basis and would "negate the public bid laws of this state." The city cites no caselaw in support, so this one-paragraph claim is waived for failure to brief.

[3] *Gulfstream Servs., Inc. v. Hot Energy Servs., Inc.*, 907 So. 2d 96, 101 (La. App. 1st Cir.), *writ denied*, 904 So. 2d 706 (La. 2005); *Plaquemines Parish Comm'n v. Delta Dev. Co.*, 688 So. 2d 169, 176 (La. App. 4th Cir. 1997).

amounts asked under the two proposed change orders when it paid for Pay Application 19. This argument is waived because it was not raised in the district court and also because it was not raised in the city's opening brief on appeal.

In the memorandum accompanying the renewed motion for j.m.l., the city argued only that there was no impoverishment and enrichment, because the *jury* had determined (in the answers to questions 2, 5 and 13 of the first set of interrogatories) that the city had paid in full with respect to the change orders and the proposed change orders.[4] But the city never argued in its memorandum that there was no rational basis for a finding of impoverishment because the amounts claimed on the two proposed change orders had already been paid on Pay Application 19. Therefore, we will not consider that claim. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 n.1 (5th Cir. 1994) (en banc) (noting that the court of appeals will not consider arguments that were not presented to the district court).[5]

Even assuming that this claim was not waived, there was a rational basis to support the finding that there was an impoverishment. McCullough stated that the claim of a number of the city's witnesses that the amounts requested on PC51 and PC65 had already been paid on Pay Applications 1-19 was "absolutely wrong." Trial Tr. at 1116. The city's witnesses had argued that the work on PC51 was performed by three subcontractors and that the amounts they were due had already been paid in full on Pay Application 19. But McCullough explained that although the back-up attachments for Pay Application 19 included the totals for the three subcontractors, the actual amounts requested on Pay Application 19 were only amounts due under Change Orders 1 and 2, not the full amounts of the totals shown in the attachments. *Id.* at 1119–20. Because the amounts due under Change Orders 1 and 2 did not include the amounts due under the proposed change order PC51 and PC65 (which were subsequent and not approved), the amounts requested on Pay 19 did not reflect the full "totals" requested by the subcontractors on the attached documentation. *Id.*

McCullough also testified that the fact that these subcontractors had been prudently paid in full by Whitaker does not mean that the city had paid Whitaker in full the amounts request-

---

[4] This argument fails because, as explained, Question 13 did not ask whether the city had paid in full with respect to the proposed change orders, but whether any failure to pay or delay may have resulted in additional tort damages.

[5] In its opening brief on appeal, the city argues that the testimony provided by Robert McCullough, Whitaker's expert, that Whitaker was owed $1,123,455 under the two proposed change orders, was "useless" in supporting the verdict because the jury determined, in its answer to Question 13 of the first set of jury interrogatories, that Whitaker was not entitled to compensation under the two proposed change orders. This is basically the same argument the city made in the memorandum supporting the motion for j.m.l.; it fails for the same

(continued...)

---

[5](...continued) reasons.

The city never argued that the amounts demanded on the proposed change orders where paid when Pay Application 19 was paid. In fact, Pay Application 19 is not mentioned in this section of the city's opening brief. Therefore, the city has also waived this argument for failure to brief it adequately on appeal.

ed by the subcontractors. Rather, the amounts included on the two proposed change orders had not already been paid by the city. *See* 17 R. at 14-15.[6]

Because the evidence as a whole must be viewed in light most favorable to the verdict, "our sole function is to ascertain if there is a rational basis in the record for the jury's verdict." *Helene Curtis Indus., Inc.*, 385 F.2d at 850. "[O]nly when there is a complete absence of probative facts to support the conclusion reached does a reversible error appear." *Martin v. Chesebrough-Pond's, Inc.*, 614 F. 2d 498, 500 (5th Cir. 1980) (per curiam) (citations omitted).

There is no such absence of probative facts. The jury believed McCullough's testimony and not that of the city's witnesses. We cannot reweigh the evidence and substitute our own factfinding for the jury's. *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1387 (5th Cir. 1996) ("In determining whether there is substantial evidence to create a jury question, we are not free to weigh conflicting evidence and inferences, determine the credibility of witnesses, or substitute our judgment of the facts for that of the jury.").

AFFIRMED.

---

[6] Moreover, two of the city's witnesses who testified that the amounts requested on the two proposed change orders had already been paid also testified that they did not have the expertise to make that determination. Mr. Prevot, an architect hired by the city to manage the project, testified that although he could review whether Whitaker's charges were reasonable, he did not have the information whether the city had already paid for them, because the city performed that auditing function. Trial Tr. at 911. Mr. Antee, who worked for the city, testified that he was a lawyer, not an engineer or an architect. Thus, the jury could have reasonably questioned his expertise in making the determination whether the items included on the proposed change orders had already been included in prior change orders or paid in Pay Application 19.