# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-30600

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2014

Lyle W. Cayce
Clerk

FERRARA FIRE APPARATUS, INCORPORATED,

Plaintiff–Appellee Cross-Appellant

v.

JLG INDUSTRIES, INCORPORATED; GRADALL INDUSTRIES, INCORPORATED,

Defendants–Appellants Cross-Appellees

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-285

Before DENNIS and PRADO, Circuit Judges, and BROWN,* District Judge.

PER CURIAM:**

This appeal involves a challenge to a jury verdict in a Louisiana breach of contract case. Plaintiff–Appellee Ferrara Fire Apparatus, Inc. ("Ferrara") and Defendants–Appellants JLG Industries, Inc. and Gradall Industries, Inc.

---

* District Judge for the Eastern District of Louisiana, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30600

(collectively "Gradall") entered into an exclusive agreement to sell a product known as the "Strong Arm." After Gradall ended their agreement, Ferrara sued Gradall for breach of contract, partnership, and joint venture, and asserted an alternative claim for unjust enrichment. The jury found that an enforceable contract existed between Gradall and Ferrara and that Gradall had properly terminated the contract between the two parties. The jury also found that Ferrara was entitled to unjust enrichment damages totaling $1 million. Gradall appeals, arguing that Ferrara's unjust enrichment claim fails as a matter of law. Gradall also argues that the evidence was insufficient to support the jury's unjust enrichment verdict and the amount of damages. Because we agree that there was insufficient evidence to support the jury's unjust enrichment verdict, we reverse.

## I.  BACKGROUND

Gradall is an equipment manufacturer that makes telescoping booms for use in excavation and material handling. In late 2002 and early 2003, Gradall designed and tested a boom that later became known as the "Strong Arm." The Strong Arm was a specialty boom, which could penetrate building walls and deliver water to a fire. In 2004, Gradall approached Ferrara, a company that manufactures and sells fire trucks and firefighting apparatuses, to discuss a possible agreement to market and sell the Strong Arm. The parties agreed to customize Ferrara fire truck chassis by attaching the Strong Arm to the fire truck, which they planned to market and sell both domestically and internationally.

Ferrara and Gradall signed an agreement, the "JLG Industries Partner Agreements," that set the price for the Strong Arm and created an exclusive relationship between the parties. The parties operated under this agreement for several years, but Ferrara's and Gradall's relationship began to break down. After a meeting to discuss their failing business relationship, Gradall

2

sought to end the exclusive relationship between the two parties. Gradall told Ferrara that it was still willing to be in a business relationship with Ferrara but that it would no longer sell the specialty boom on an exclusive basis.

The parties presented conflicting testimony concerning what happened after Gradall terminated the contract. At one point, Christopher Ferrara ("Mr. Ferrara"), the owner of Ferrara, testified that his company elected not to continue selling the Strong Arm due to safety concerns. There was also testimony, however, that Ferrara lost sales and sale leads because Gradall started selling to companies within Ferrara's dealer network while Ferrara was in the process of developing sales with those dealers. Further, one of Ferrara's employees testified that he attempted to market the Strong Arm in international markets, despite the fact that Mr. Ferrara had decided to stop selling the Strong Arm. Gradall, after terminating its contract with Ferrara, sold fourteen Strong Arm equivalents—what it called the "FA 50"—to other companies.

Ferrara sued Gradall in Louisiana state court for breach of contract, partnership, or joint venture. Ferrara sought damages for lost sale opportunities and lost profits incurred because of Gradall's sale of the Strong Arm through any third-party seller or distributor. "Additionally, or in the alternative," Ferrara sought damages for "the loss of its investment costs to develop and market" the Strong Arm under Louisiana Civil Code article 2298, which allows recovery for unjust enrichment. Gradall removed the case to federal court.

After the district court denied Gradall's motion for summary judgment, the case proceeded to a jury trial. At the close of Ferrara's case, Gradall moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), and the district court denied the motion. Gradall renewed the motion after presenting its defense, and the district court again denied the motion. The jury

found the following: (1) an enforceable contract existed between Ferrara and Gradall; (2) Ferrara had failed to prove that a partnership or joint venture existed between the two parties; (3) Gradall properly terminated its contract with Ferrara; (4) Ferrara was entitled to unjust enrichment damages; and (5) Ferrara's unjust enrichment damages totaled $1 million.

Gradall then filed a motion for judgment as a matter of law under Rule 50(b), arguing that "Louisiana law is clear that the existence of a claim on contract precludes a claim for unjust enrichment." The district court denied the motion. The district court explained that it agreed that "under Louisiana law, a claim for unjust enrichment cannot stand when a plaintiff has another remedy available to it, particularly a contractual remedy." But, the court reasoned, the evidence the jury relied on "shows that the conduct giving rise to [Ferrara's] claim for unjust enrichment occurred *after* the contract between the parties was terminated. [Ferrara] was therefore without alternative remedies for [Gradall's] conduct because the contract was no longer in force when the conduct occurred." Further, the court refused to disturb the jury's finding that all the elements of unjust enrichment were present, and so denied the motion. Gradall timely appealed.

## II.  JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Because this is an appeal of a final decision of a district court, this Court has jurisdiction pursuant to 28 U.S.C. § 1291. We apply the substantive law of the forum state of Louisiana. *See Learmonth v. Sears, Roebuck & Co.*, 710 F.3d 249, 258 (5th Cir. 2013) ("A federal court sitting in diversity applies the substantive law of the forum state.").

We review a denial of a motion for judgment as a matter of law de novo, applying the same standard as the district court. *S. Tex. Elec. Co-op v. Dresser Rand Co., Inc.*, 575 F.3d 504, 507 n.1 (5th Cir. 2009). Judgment as a matter of

No. 13-30600

law is appropriate if the Court "finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party." Fed. R. Civ. P. 50(a).

This Court "employ[s] a deferential standard of review when examining a jury's verdict for sufficiency of the evidence." *Douglas v. DynMcDermott Petroleum Operations Co.*, 144 F.3d 364, 369 (5th Cir. 1998). We "draw all reasonable inferences and resolve all credibility determinations in the light most favorable to the nonmoving party." *Foradori v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008) (citation omitted). "Unless the evidence is of such quality and weight that reasonable and impartial jurors could not arrive at such a verdict, the findings of the jury must be upheld." *Douglas*, 144 F.3d at 369 (citation and internal quotation marks omitted).

## III.  DISCUSSION

Gradall presents three arguments on appeal. First, Gradall argues that the contract between the two parties did not allow for any post-termination damages, and so, as a matter of law, unjust enrichment could not extend the available contractual remedies. Next, Gradall argues that the evidence was insufficient to support the jury's finding that Gradall had been unjustly enriched at Ferrara's expenses. Finally, Gradall argues that even if the jury correctly found it owed Ferrara damages for unjust enrichment, the evidence was insufficient to support the amount of damages awarded. We need not decide the first issue because, even assuming Ferrara could seek damages for unjust enrichment for Gradall's post-termination conduct, there was not sufficient evidence for a reasonable jury to find that Ferrara had proved its claim for unjust enrichment.

To begin, we note that both parties agree that Ferrara is not entitled to unjust enrichment damages for the period of time during which its contract with Gradall was still in effect. Louisiana law is clear on this point. Under Louisiana Civil Code article 2298, "[a] person who has been enriched without

5

cause at the expense of another person is bound to compensate that person."
But, "[t]he remedy [provided for in 2298] is subsidiary and shall not be
available if the law provides another remedy for the impoverishment or
declares a contrary rule." *Id.* The important question is whether another
remedy is available, not whether the party seeking a remedy will be successful.
*See Garber v. Baden & Ranier*, 2007-1497, p. 10–11 (La. App. 3 Cir. 4/2/08);
981 So. 2d 92, 100 ("[I]t is not the success or failure of other causes of action,
but rather the *existence* of other causes of action, that determine whether
unjust enrichment can be applied. [U]njust enrichment principles are only
applicable to fill a gap in the law where no express remedy is provided." (second
alteration in original) (citation and internal quotation marks omitted)). Thus,
because Ferrara could have brought a claim for breach of contract for any
damages it incurred during the time the contract was still in effect, Ferrara
cannot maintain a cause of action for unjust enrichment during that time. The
parties disagree, however, over whether Ferrara is legally entitled to seek
damages for unjust enrichment based on Gradall's conduct *after* Gradall
terminated the agreement.

But we need not decide this question, because assuming *arguendo* that
unjust enrichment was an available remedy for Ferrara, the evidence was
insufficient to support the jury's verdict. Under Louisiana law, a claim for
unjust enrichment has five elements: (1) the defendant was enriched; (2) the
plaintiff was impoverished; (3) a causal relationship exists between the
defendant's enrichment and the plaintiff's impoverishment; (4) there is no
justification or legal cause for the enrichment and impoverishment; and (5) the
plaintiff has no other remedy at law available. *Carriere v. Bank of La.*, 95-
3058, p. 17 (La. 12/13/96); 702 So. 2d 648, 671. Ferrara defends the jury's
verdict arguing first that Gradall waived its challenge to the sufficiency of the
evidence by failing to mention Ferrara's unjust enrichment claim specifically

No. 13-30600

in its Rule 50(a) motions.  Ferrara also argues that, even if the argument was not waived, the evidence supports the jury's verdict.  We address each argument in turn.

**A.    Waiver**

First, we disagree that Gradall waived its challenge to the sufficiency of the evidence.  Ferrara is correct that "[i]f a party fails to move for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) on an issue at the conclusion of all of the evidence, that party waives both its right to file a renewed post-verdict Rule 50(b) motion and also its right to challenge the sufficiency of the evidence on that issue on appeal." *Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 238 (5th Cir. 2001).  But, we will still review the challenge to the sufficiency of the evidence if there has only been technical noncompliance with the rule.  *Id.* at 238 n.7.  We gauge technical noncompliance by determining "whether the purposes of the rule are satisfied." *Id.* (internal quotation marks omitted).  The rule serves two primary purposes: "to enable the trial court to re-examine the sufficiency of the evidence as a matter of law if, after verdict, the court must address a motion for judgment as a matter of law, and to alert the opposing party to the insufficiency of his case before being submitted to the jury." *Polanco v. City of Austin, Tex.*, 78 F.3d 968, 974 (5th Cir. 1996) (internal quotation marks omitted).  In determining whether these purposes have been satisfied, we consider whether "the court and opposing party [were] put on notice, before the case [went] to the jury, that the plaintiff's proof may be lacking." *Id.* at 974–75.

At trial, Gradall moved for judgment as a matter of law both at the close of Ferrara's case and after presenting its defense.  In both instances, Gradall clearly challenged the sufficiency of the evidence, specifically arguing in its first motion that "[t]he evidence . . . shows that there can only be one reasonable conclusion as to the verdict at this time, and that is in favor of

7

[Gradall]." While Gradall did not specifically mention the word "unjust enrichment" in its Rule 50(a) motions, the unjust enrichment claim was an alternative claim, which was made in the event the jury found the parties did not have a binding contract. Ferrara's unjust enrichment claim relied on the same evidence and facts as all of Ferrara's other claims. Thus, by challenging the sufficiency of the evidence of all of Ferrara's claims, Ferrara and the court were on notice that Gradall believed Ferrara's unjust enrichment claim lacked proof.

## B.    Sufficiency of the Evidence

Turning to the merits, we hold that a reasonable jury could not have found for Ferrara on its unjust enrichment claim. In particular, there is insufficient evidence for a jury to have found that Ferrara proved element four—an absence of justification or legal cause for the enrichment and impoverishment. After Gradall terminated its contract with Ferrara, the two parties no longer had an exclusive business relationship. Gradall was free to take its boom, which had previously been outfitted to fit Ferrara truck chassis, and sell it in a free market. And that is exactly what Gradall did. It entered into contracts with third parties, agreeing to sell its boom to those third parties who would then outfit the boom to fit their fire trucks. These contracts provided legal cause for Gradall's enrichment after its contract with Ferrara ended. *See, e.g.*, *Pilgrim Life Ins. Co. of Am. v. Am. Bank & Trust Co.*, 542 So.2d 804, 807 (La. App. 3 Cir. 1989) (citing *Edmonston v. A-Second Mortg. Co. of Slidell*, 289 So.2d 116 (La. 1974)) (finding a financing agreement between the enrichee and a third party to be legal cause for the enrichment at issue).

Ferrara argues that these third-party contracts are not justified because the third-party contracts were not in place before Gradall terminated their contract. But accepting this argument would lead to the absurd result that a party would, essentially, never be free of its contractual obligations. If Ferrara

were correct, then even after properly terminating a contract, a party would owe unjust enrichment damages to its former contractual partner if it entered into a new contract with a third party. Here, Gradall was simply competing in the market, which it was entitled to do after ending its exclusive contract with Ferrara. Thus, we hold that the evidence was insufficient to support Ferrara's unjust enrichment claim.

## IV. CONCLUSION

For the foregoing reasons, we REVERSE.